UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 19-20479

Terin Edwards,                        Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Acting *pro se*, Defendant Terin Edwards ("Defendant") filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  The United States Court of Appeals for the Sixth Circuit examined the nature of these requirements for a defendant's motion for compassionate release.  In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule.  *Id*. at 833.  If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and dismiss the motion without prejudice.  *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement.  *Id*. at 834.

1

Here, the Government's response brief asserts that Defendant has failed to administratively exhaust his claim. (ECF No. 55).

Accordingly, this Court issued an order requiring Defendant to show cause, "in writing, no later than **January 10, 2021**, and explain why the Court should not deny his Motion for Compassionate Release without prejudice. If Defendant contends that he has submitted a compassionate release request to his warden, Defendant shall include a copy of that request (or any other documentation) with his response to this order." (ECF No. 57) (bolding in original).

Thereafter, Defendant filed a written response, wherein he acknowledges that he did not exhaust his administrative remedies. (*See* ECF Nos. 58 & 59).

Accordingly, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE**. Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives a compassionate release request from him, whichever is earlier.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: January 25, 2021