UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                         Criminal Case No. 19-20479

Terin Edwards,                                                  Sean F. Cox
                                                                            United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Terin Edwards ("Defendant") was convicted of of being a felon in possession of a firearm and was sentenced to 62 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to two one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). This Court sentenced Defendant to 62 months of imprisonment. (*See* 3/17/20 Judgment).

This Court granted Defendant an extension of his surrender date, from July 1, 2020 until September 29, 2020, when Defendant surrendered and began serving his sentence. (*See* ECF Nos. 46, 48, 50, 51, and 52).

On November 2, 2020, Defendant filed a *pro se* Motion for Compassionate Release. This Court denied that motion without prejudice, for failure to exhaust administrative remedies. (ECF No. 60).

Thereafter, on February 2, 2021, Defendant filed a new Motion for Compassionate Release. (ECF No. 61). In it, Defendants states that he has tested positive for COVID-19 and is quarantine. (*Id*. at PageID.237). Defendant states that he has a cough and his breathing is heavy with a whistle sound. Defendant also states that, aside from his health, he would like to be released because his "mother's health is in a bad state," and his "fiancé and kids were evicted from our home." (*Id*.).

Defendant's medical records, provided to the Court by the Government, reflect that Defendant is a twenty-nine year old man with no significant medical history. Defendant is currently housed at FCI McKean and has a projected release date of February 14, 2025.

The Government acknowledges that Defendant has now met the exhaustion requirement. The Government notes that Defendant's medical records reflect that Defendant tested positive for COVID-19 on or about January 20, 2021, and that he has since recovered. The Government contends that Defendant has not established any extraordinary and compelling reasons for his release. The Government also contends the motion should be denied based upon a consideration of the § 3553(a) factors.

Defendant filed two reply briefs (ECF Nos 64 & 65), wherein he asserts that he has suffered from a chronic cough and bronchitis for years. He also asserts that he suffered from a lack of appetite when he was first incarcerated, due to stress. Defendant did not submit any medical records to the Court in support of his motion.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Jones, supra,* at 1106. Here, the Government agrees that Defendant has met the exhaustion requirement and, therefore, this Court may consider Defendant's motion.

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a

sentence reduction.  18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added).  But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.*  That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109.   Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added).  But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because his health, in light of the ongoing pandemic, constitutes an extraordinary and compelling circumstance.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, the medical records provided by the Government indicate that Defendant is a twenty-nine year old man in relatively good health. Moreover, Defendant has already been infected with the virus and has recovered. In light of that, this Court does not believe that Defendant has established extraordinary and compelling circumstances. The Court also does not believe that Defendant's desire to be with his mother and other family members constitutes extraordinary and compelling circumstances that warrant his release.

Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons

exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense weighs against his release. Just three months after leaving prison for another offense, Defendant was caught with a handgun he was not permitted to possess. This is a serious and troubling offense.

And the conviction in this case is not an isolated event. Defendant has a lengthy criminal history that began at age seventeen. This was Defendant's fifth felony conviction.

In addition, Defendant has served very little of the sentence imposed by this Court. To date, he has served less than sixth months of his 62-month sentence. This Court does not believe that releasing Defendant after serving only a fraction of his sentence would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: March 23, 2021